# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 11-628V
March 14, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * <br> HOLLY HELMS, on behalf of        * <br> her minor child, LMH,              * <br>                                    * <br>         Petitioner,                * <br>                                    * <br> v.                                 * <br>                                    * <br>                                    * <br> SECRETARY OF HEALTH                * <br> AND HUMAN SERVICES,                * <br>                                    * <br>         Respondent.                * <br> * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Dorsey <br><br><br> Diptheria, Tetanus, Pertussis <br> Vaccination (DTaP); <br> Encephalopathy; Attorneys' Fees; <br> Reasonable Amount Requested to <br> Which Respondent Does Not Object. |

<u>Aaron R. Dias</u>, Richardson, Patrick, Westbrook & Brickman, LLC, Mount Pleasant, SC, for petitioner.
<u>Alexis Babcock</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 29, 2011, Holly Helms ("petitioner"), on behalf of her minor child LMH, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving a Diptheria, Tetanus, Pertussis (DTaP) vaccination on June 16, 2009, LMH developed an encephalopathy and

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

sequela.  The undersigned determined that petitioner was not entitled to compensation and dismissed the case for insufficient proof.  <u>Decision</u>, filed October 15, 2013, at 1-2.

      On March 13, 2014, the parties filed a stipulation of facts concerning attorneys' fees and costs.  In it, the parties stipulate that petitioner's counsel is entitled to be reimbursed for $16,882.02 in attorneys' fees and costs.  In accordance with General Order #9, petitioner's counsel represents that petitioner has incurred no out-of-pocket expenses in pursuing her petition.

      The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of the parties' stipulation, the undersigned GRANTS the request for approval and payment of attorneys' fees and costs.

      Accordingly, an award should be made as follows:

**A lump sum of $16,882.02, in the form of a check jointly payable to petitioner and to Mr. Aaron R. Dias of the law firm of Richardson, Patrick, Westbrook & Brickman, LLC**.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

      **IT IS SO ORDERED.**

                                               <u>s/ Nora Beth Dorsey</u>
                                               Nora Beth Dorsey
                                               Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.